1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Angel Osornio,                          No. CV-19-08267-PCT-GMS

10                  Plaintiff,                **ORDER**

11   v.

12   Commissioner    of    Social    Security
     Administration,

13
                    Defendant.
14

15

16         Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim

17   (Doc. 40) and Plaintiff's Status Report and Extension Due to Late Mail (Doc. 42) which

18   the Court construes as a response.

19                                  **BACKGROUND**

20         On February 28, 2019 an Administrative Law Judge issued a decision denying

21   Petitioner's application for Social Security Disability Benefits. (Doc. 40-1 at 5.) [1] Petitioner

22   _____

23   [1] Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court
     may, however, consider certain materials—documents attached to the complaint,
24   documents incorporated by reference in the complaint, or matters of judicial notice—
     without converting the motion to dismiss into a motion for summary judgment." *United
25   States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has "extended the
     'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on
26   the contents of a document, the defendant attaches the document to its motion to dismiss,
     and the parties do not dispute the authenticity of the document, even though the plaintiff
27   does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*,
     393 F.3d 1068, 1076 (9th Cir. 2005). The documents attached to the Declaration of
28   Christianne Voegele (Doc. 40-1), which accompanies the Commissioner's motion to
     dismiss, are ones upon which Plaintiff's complaint depends and so the Court considers
     them.

subsequently sought review of the denial, and on April 18, 2019, the appeals Council denied Petitioner's request for review. *Id.* at 20. The Appeals Council sent Petitioner notice of its decision and of the right to commence a civil action within 60 days from the date of receipt of the notice. *Id.* at 21–22. The notice further explained that it assumed Petitioner received the letter five days after the date it was mailed. *Id.* As the notice is dated April 18, 2019, Petitioner's deadline to commence a civil action was June 22, 2019.  Petitioner filed the instant action on September 16, 2019. (Doc. 1.)

## DISCUSSION

### I.      Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Dismissal of a complaint under Rule 12(b)(6) as barred by a statute of limitations is proper when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). Further, "[b]ecause the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution by a Rule 12(b)(6) motion.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). Dismissal is warranted "only if the assertions of the complaint, read with the required liberality, would

not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

## II.   Analysis

Judicial review of a decision of the Commissioner of Social Security is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . . . The court shall have power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). Subsections 405 (g) and (h) thus operate as a statute of limitations establishing the time period in which a claimant may appeal a final decision of the Commissioner. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (1987).

Because § 405(g)'s time limit is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). In rare cases, however, the statute of limitations may be excused. *Id.* at 481. The 60-day limitations may be extended by (1) the Commissioner of the Social Security pursuant to 20 C.F.R. § 404.1482 and § 404.1411 or (2) the courts applying equitable tolling principles "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993). In *Bowen* for example, the Supreme Court concluded that equitable tolling applied where an internal

SSA policy prevented claimants from discovering that a violation of their rights had occurred. 476 U.S. at 480–81. Similarly, in *Heckler*, the Ninth Circuit remanded to give the claimant an "opportunity to delineate further a factual basis for estoppel or equitable tolling" where the complaint alleged that an SSA employee assured the claimant that he would receive an extension. 811 F.2d at 1275, 1278. In contrast, where the Petitioner herself is responsible for events that cause an untimely filing, courts are less willing to toll the statute of limitations. *See, e.g.*, *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) ("Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent."); *Coleman v. Astrue*, 2010 WL 2606241 at *3–4 (E.D. Cal. June 28, 2010) (finding that equitable tolling was inapplicable because the plaintiff was unable to show that her tardiness was the result of her alleged mental or psychological impairment, or due to some misleading conduct by the Commissioner that interfered with her attempt to file).

Here, the Appeals Council denied Petitioner's request for review on April 18, 2019; Plaintiff's filing deadline was June 22, 2019. *See* (Doc. 40-1 at 21–22.) Plaintiff filed this complaint on September 16, 2019. Notwithstanding this fact, Plaintiff's complaint contains a section addressing the timeliness of the action. Presented in a question and answer format, it reads:

> An appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final. When did you receive notice that the Commissioner's decision was final? . . . .
>
> I was given wrong information from Brad at the Flagstaff office who is a disgrace to our military. I should have been given the proper information to file at a federal court.

(Doc. 1 at 3.) Construed in a light most favorable to the Petitioner, the claim that she received inaccurate information from an SSA employee could toll the statute of limitations. Like *Heckler*, Petitioner alleges misconduct or error from an SSA employee caused her late filing. There, although the plaintiff received notice from the Appeals Council detailing his right to appeal, he asserted that he was also informed by an unidentified SSA employee

that the deadline would be extended. *Heckler*, 811 F.2d at 1275. The court found his allegation sufficient to allow him to delineate a further factual basis for equitable tolling. *Id.* at 1278. Here, although Plaintiff received written notice of her right to appeal, she similarly suggests she was misinformed about how to file an appeal by an SSA employee. If proven, such an error could establish that the equities favor tolling the limitations period. Thus, the issue must be resolved on summary judgment after Petitioner has had the opportunity to delineate facts supporting her claim that the statute of limitations is tolled.

## CONCLUSION

For the reasons stated above, the Defendant's Motion is Denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 40) is **DENIED.**

Dated this 29th day of December, 2020.

G. Murray Snow
Chief United States District Judge