**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Osornio,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-19-08267-PCT-GMS<br><br>**ORDER** |

    Before the Court is Defendant Commissioner of the Social Security Administration's ("Defendant") Motion for Summary Judgment. (Doc. 51.) Also pending are Plaintiff Angel Osornio's ("Plaintiff") Motion for Summary Judgment (Doc. 50) and Demand to Grant Relief with Default Judgment Regarding Neglect from the Defendant of Oppression, (Doc. 52), which the Court construes as a response to Defendant's Motion for Summary Judgment.

**BACKGROUND**

    On February 28, 2019 an Administrative Law Judge issued a decision denying Petitioner's application for Social Security Disability Benefits. (Doc. 51-1 at 5.) Petitioner subsequently requested review of the denial, and on April 18, 2019, the appeals Council denied Petitioner's request for review. *Id.* at 20, 24. The Appeals Council sent Petitioner notice of its decision and of the right to commence a civil action within 60 days from the date of receipt of the notice. *Id.* at 21–22. The notice further explained that it assumed

Petitioner received the letter five days after the date it was mailed. *Id.* at 22. As the notice is dated April 18, 2019, Petitioner's deadline to commence a civil action was June 22, 2019. Petitioner filed the instant action on September 16, 2019. (Doc. 1.)

On August 27, 2020 Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. 40.) The Court denied Defendant's Motion but permitted Defendant to file the instant Motion for Summary Judgment on the issue of whether Plaintiff's appeal was timely. (Docs. 43, 46.)

**I.      Legal Standard**

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

**II.     Analysis**

Judicial review of a decision of the Commissioner of Social Security is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . . . The court shall have power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). Subsections 405 (g) and (h) thus operate as a statute of limitations establishing the time period in which a claimant may appeal a final decision of the Commissioner. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (1987).

Because § 404(g)'s time limit is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). In rare cases, however, the statute of limitations may be excused. *Id.* at 481. The 60-day limitations period set forth in 42 U.S.C. § 405(g) may be extended by (1) the Commissioner of the Social Security pursuant to 20 C.F.R. § 404.1482 and § 404.1411 or (2) the courts applying equitable tolling principles "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993).

Given the Appeals Council denied Petitioner's request for review on April 18, 2019, Plaintiff's filing deadline was June 22, 2019. *See* (Doc. 51-1 at 20, 24) A letter from the Appeals Counsel unambiguously warned Plaintiff of the 60-day deadline to file a civil action. *Id.* at 21. Plaintiff filed her complaint on September 16, 2019.

In her Complaint, Plaintiff addressed the timeliness of her action. Presented in a question and answer format, it reads:

> An appeal from a decision of the Commissioner must be filed with 60 days of the date on which you received notice that the Commissioner's decision became final. When did you receive notice that the Commissioner's decision was final? . . . .
>
> I was given wrong information from Brad at the Flagstaff office who is a disgrace to our military. I should have been given the proper information to file at a federal court.

(Doc. 1 at 3.)

Claudia Gastelo, an Office Manager and Supervisor of Customer Service Representatives in the Flagstaff, Arizona Social Security office avows that Plaintiff visited their office many times. *See* (Doc. 51-2.) She met with Ms. Gastelo and Brad Potrikus on one of these occasions. *Id.* Ms. Gastelo did not "recall any discussions between Ms. Osornio and Brad Potrikus or [her]self about the period for filing a federal court appeal or the specific process for filing." *Id.* at 3. Brad Potrikus also affirmed that he met with Plaintiff only once, on May 10, 2019, and that he did not recall any detailed discussion during the meeting "about the specific process for or deadlines involved in filing an appeal in federal court." (Doc. 51-3 at 3.) Both Mr. Potrikus and Ms. Gastelo avowed that it would not be their regular practice to assist claimants in filing federal court appeals, beyond providing general information. (Docs. 51-2 at 3, 51-3 at 3.)

Neither Plaintiff's Motion for Summary Judgement, (Doc. 50), nor her Motion for Default Judgment, (Doc. 52), articulates any legal grounds for her relief. As Plaintiff articulates no factual basis for equitable tolling of the filing deadline, there is no genuine issue of material fact as to the untimeliness of her complaint. Defendant's Motion for Summary Judgment is thus granted. Plaintiff's other requests, for summary judgment and default, do not articulate any basis for relief, and are thus denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is granted. Moreover, as they articulate no basis for relief, both of Plaintiff's motions are denied.

**IT IS THEREFORE ORDERED** that Defendant Commissioner of the Social Security Administration's Motion for Summary Judgment. (Doc. 51) is **GRANTED.** The Court directs the Clerk of the Court to dismiss the case against Defendant with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 56 Summary Judgment to Grant Relief with Default Judgment (Doc. 50) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Rule 55 Demand to Grant Relief with Default Judgment Regarding Neglect from the Defendant of Oppression (Doc. 52) is **DENIED.**

Dated this 8th day of July, 2021.

_G. Murray Snow_
Chief United States District Judge